IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 6-CR-261 |
| v. | : | JUDGE ALGENON L. MARBLEY |
| JADA JOHNSON, | : | |
| Defendant. | : | |

## OPINION & ORDER

### I. INTRODUCTION

This matter is before the Court on Defendant Jada Johnson's request to expunge her criminal conviction. (Doc. 22.) Johnson's request to expunge is opposed by the Government. (Doc. 23.) For the reasons stated below, Johnson's request to expunge is **DENIED**.

### II. BACKGROUND

On November 20, 2006, Johnson entered a guilty plea to Count 1 of an Information that charged her with conspiracy to commit financial institution fraud, in violation of 18 U.S.C. § 371. (Doc. 7, 8.) Johnson had been involved, with others, in passing counterfeit checks to make purchases at stores in the Columbus, Ohio area. Her role was to drive a co-conspirator to the various stores. Johnson was sentenced by this Court to two years probation, $100 special assessment, and restitution in the amount of $902.12 to the victims. (Doc. 18.)

Johnson now requests that this Court expunge her criminal conviction because she is having difficulty obtaining employment. Johnson states that she had a job from February, 2007 to August, 2010, but was terminated, and has been unable to obtain employment since at least in

1

part because of her criminal record. She has three children and has been living on unemployment benefits, but has now requested assistance for Job and Family Services. The Government opposes Johnson's request, arguing that it is not a case where the conviction resulted from an unconstitutional action of others, was obtained under a statute later deemed unconstitutional, or was illegal for some other reason. While the conviction may be inconvenient to Johnson, the Government argues, it is neither unique nor unexpected, and should not be expunged.

### III. LAW & ANALYSIS

The Sixth Circuit has held that "it is within the inherent equitable powers of a federal court to order the expungement of a record in an appropriate case." *United States v. Doe*, 556 F.2d 391, 393 (6th Cir. 1977). The *Doe* case was thereafter cited for this proposition by a number of courts in this Circuit. *See, e.g., United States v. Carey*, 602 F.3d 738, 740 (6th Cir. 2010) (citing *Doe* for the proposition that "[a]n order on a motion to expunge a conviction is within the equitable jurisdiction of a federal district court"); *United States v. Robinson*, No. 94-1945, 1996 WL 107129, at *1 (6th Cir. Mar. 8, 1996) (same); *Cline v. United States*, No. 2:93-CR-00094, 2009 WL 2475264, at *1 (S.D. Ohio Aug. 12, 2009) (same).

As explained in this Court's recent decision in *United States v. Altomare*, No. 3-CR-151, slip op. at 3–5 (S.D. Ohio Dec. 15, 2011), one divided Sixth Circuit panel departed from the *Doe* and *Carey* precedent, finding that a district court lacks ancillary jurisdiction over expungement motions. *United States v. Lucido*, 612 F.3d 871, 877–78 (6th Cir. 2010). Specifically, the *Lucido* Court held that *Doe* and *Carey*, cannot be reconciled with the Supreme Court's decision in *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 379 (1994), and therefore, it was obligated to modify the earlier panel decisions. *Id.* at 876 (citing *Darrah v. City*

*of Oak Park*, 255 F.3d 301, 309 (6th Cir. 2001)). Chief Judge Batchelder dissented in *Lucido*, reasoning that "*Carey* is a published opinion of a previous panel and, consequently, we as a subsequent three-judge panel may not overrule it." *Id.* at 878 (citing 6 Cir. R. 206(c)). Judge Batchelder further explained that "[t]he majority contends . . . that we must overrule *Carey* because it is inconsistent with *Kokkonen* . . . . But as the majority also makes evident, *Carey* is almost exactly on point with the present case, whereas neither *Carey* nor the present case is exactly on point with *Kokkonen*." *Id.*

In *Altomare*, this Court agreed with Judge Batchelder, and found that it was bound by prior Sixth Circuit precedent, namely *Doe* and *Carey*, since the *Lucido* court did not have the authority to overrule a prior panel decision, and *Kokkonen* was not on point. No. 3-CR-151, slip op. at 4–5 (noting that, in *Kokkonen*, 511 U.S. at 479 the Supreme Court held that a district court did not have ancillary jurisdiction to enforce provisions of a settlement agreement after the case had been dismissed with prejudice). Therefore, this Court holds that it has inherent equitable powers to hear Johnson's motion to expunge. *See Doe*, 556 F.2d at 393; *Carey*, 602 F.3d at 740.

As was the case in *Altomare*, there is no relevant statute here explicitly authorizing expungement. Moreover, Johnson was not illegally convicted, convicted under a statute later deemed unconstitutional, or convicted as a result of government misconduct. *See Robinson*, 1996 WL 107129, at *2. As in *Cline*, while Johnson's "efforts to obtain gainful employment . . . are laudable, they do not create an extreme circumstance warranting the use of the Court's expungement power." 2009 WL 2475264, at *1 (internal quotations and citations omitted); *see United States v. Wiley*, 89 F. Supp. 2d 909, 911 (S.D. Ohio 1999) ("Although the Defendant's criminal record may result in financial hardship and impede his ability to obtain gainful employment, expungement typically is not appropriate unless *unwarranted* adverse

3

consequences outweigh the public interest in maintaining criminal records.") (emphasis in original); *Lynum*, 2006 WL 1804543, at *1 (denying motion to expunge where defendant was "requesting expungement so that she can more easily pursue her education and obtain employment"). Accordingly, Johnson's request to expunge must be **DENIED**.

## IV. CONCLUSION

For the reasons set forth in this Opinion, Johnson's request to expunge is **DENIED**.

**IT IS SO ORDERED.**

s/ Algenon L. Marbley
**Algenon L. Marbley**
**United States District Judge**

**Dated: June 12, 2012**